# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

ANTHONY WAYNE WYATT,     )
                           )
          Petitioner,     )
                           )
v.                         )     **Case No. CIV 17-282-JHP-KEW**
                           )
SCOTT CROW,             )
DOC Interim Director,     )
                           )
          Respondent.     )

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma. He is attacking his conviction in McCurtain County District Court Case No. CF-2012-442 for Lewd or Indecent Acts to a Child (Count 1) and Child Abuse (Count 3), raising the following grounds for relief:

    I.     The trial court erred by admitting evidence that was more prejudicial than probative.

    II.    The mention of Petitioner's prison time during the first stage of trial deprived him of due process, equal protection, and a fair trial.

    III.   The evidence was insufficient to support the charge of Child Abuse (Count 3).

    IV.   The trial court erred by failing to give an instruction on domestic assault and battery as to Count 1.

    V.    Prosecutorial misconduct denied Petitioner a fair trial.

VI.   Cumulative error deprived Petitioner of a fair trial.

VII.  Ineffective assistance of appellate counsel on direct appeal.

VIII. Trial counsel was ineffective in his failure to develop a working relationship with Petitioner or investigate the case or Petitioner's potential testimony.

IX.   Trial counsel was ineffective in failing to question State's Witness Sierra Boyd about Ms. Boyd's not wanting to testify.

X.    Trial counsel was ineffective in failing to request a mistrial when two members of the jury admitted they knew one of the State's witnesses.

XI.   Trial counsel was ineffective in advising Petitioner not to testify in his own defense.

XII.  Trial counsel was ineffective in failing to subpoena Petitioner's son as a defense witness.

Respondent has submitted the following records for consideration in this matter:

A.    Petitioner's direct appeal brief.

B.    The State's brief in Petitioner's direct appeal.

C.    Summary Opinion affirming Petitioner's Judgment and Sentence. *Wyatt v. State*, No. F-2013-870 (Okla. Crim. App. Aug. 8, 2014) (unpublished).

D.    Petitioner's application for post-conviction relief.

E.    Order Denying Post-Conviction Relief, entered on July 27, 2015.

F.    Order Granting Post-Conviction Appeal Out of Time. *Wyatt v. State*, No. PC-2016-698 (Okla. Crim. App. Sept. 16, 2016).

G.    Order Declining Jurisdiction. *Wyatt v. State*, No. PC-2016-984 (Okla. Crim. App. Nov. 10, 2016).

H.   Trial Court's Findings and Denial of Recommendation for Third Request to Appeal Out of Time, entered on Feb. 23, 2017.

I.   Order Denying Application for Post-Conviction Appeal Out of Time. *Wyatt v. State*, No. PC-2017-252 (Okla. Crim. App. June 9, 2017).

J.   Transcripts and Original Record.

## Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## Facts

Respondent sets forth the following facts of the case:

On May 8, 2012, E.W. was fourteen years old (Tr. 150). On that day, Petitioner, E.W.'s father, drove E.W. and her friend, P.S., to school in his truck, but only P.S. went to school that day. Petitioner told E.W. she was going to work with him and he drove to Wright City in search of scrap metal. The area was rural and like a "jungle" (Tr. 151-52). E.W. told Petitioner she had a headache and Petitioner gave her two "crystal rocks" and told her to take them. Petitioner told E.W. the rocks were "like Xanax" and would help her headache (Tr. 153). The rocks made E.W. feel "hyped up" and then after about twenty minutes, she began vomiting (Tr. 154). It was later determined the "rocks" E.W. ingested were methamphetamine (Tr. 155).

E.W. thought she saw a needle and then Petitioner walked away from the truck into the woods. When Petitioner came out of the woods, he was

stumbling. The needle looked like the ones used in the hospital for IVs. E.W. described the needle as being orange and white and it was sitting on the truck bed (Tr. 156-57). When E.W. asked Petitioner about the needle, Petitioner picked it up and put it away. E.W. left the truck to go urinate. When she returned to the truck, Petitioner told her he was watching her and "he wanted to lay [her] down and fuck [her]." Petitioner also told E.W. her breasts were "bigger" and "better" than most of the older women in town (Tr. 158-59). Petitioner began rubbing E.W.'s legs and back, then he put his hand inside the back of her shirt and tried to unfasten her bra. Petitioner massaged E.W.'s neck and put his hands in her hair and kissed her forehead. Petitioner told E.W., "[Y]ou know how that dope gets me; it gets me all sexual and stuff" (Tr. 159-60). During this time, when E.W. was vomiting, she noticed Petitioner about two feet away from her with his back toward her and she believed he was masturbating. Petitioner was moaning and E.W. saw his arm moving up and down (Tr. 161-62). When Petitioner turned around, E.W. saw his pants were unzipped and she did not believe they were unzipped prior to that incident (Tr. 163). Petitioner asked E.W. if she was going to "use this" against him (Tr. 164).

(Dkt. 9 at 5-6).

## **Grounds I, II, and IV**

Respondent alleges Petitioner's claims raised in Grounds I, II, and IV are matters of state law that are not cognizable on habeas review. Grounds I and II concern evidentiary issues, and Ground IV involves the trial court's failure to give an instruction on a lesser-included offense.

> . . . The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

*Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Nonetheless, this Court may review Petitioner's claims concerning evidentiary rulings and jury instructions to determine whether they rendered his trial so fundamentally unfair as to deprive him of his federal constitutional rights. *See Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005) (errors in jury instructions in a state criminal trial are not cognizable on habeas review, unless they are so fundamentally unfair that they deprive petitioner due process and a fundamentally fair trial). *See also Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir.1995) (holding that to challenge an evidentiary ruling on due process principles, the petitioner must show that "because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." (quotations omitted)).

A habeas court must "approach the fundamental fairness analysis with considerable self-restraint." *Jackson v. Shanks*, 143 F.3d 1313, 1322 (10th Cir. 1998) (citation omitted). A proceeding is fundamentally unfair under the Due Process Clause only if it is shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973).

**Other Crimes Evidence (Ground I)**

Petitioner alleges that evidence of his illegal drug use was improperly admitted at trial. He specifically complains the evidence of his drug use, which was admitted through the testimony of S.B., the daughter of Petitioner's friend, and Susan Wyatt, Petitioner's wife, was evidence in which the probative value was substantially outweighed by its prejudicial effect.

Before trial, a hearing was held regarding admission of S.B.'s testimony. She testified that Petitioner touched her breasts, vagina, and buttocks when she was 12 or 13 years old (Tr. 6-10). She further testified that prior to Petitioner's touching her in this manner, he would

use drugs (Tr. 14). The trial court ruled that S.B.'s testimony about Petitioner's prior sexual abuse of her was admissible at trial under Okla. Stat. tit. 12, § 2414 (Tr. 31). This section provides for the admission at trial of a defendant's commission of another offense of child molestation. Petitioner concedes this testimony regarding prior sexual encounters was properly admitted (Dkt. 2 at 4). Regarding the testimony about Petitioner's drug use prior to committing the abuse, the trial court ruled the testimony was admissible because it was connected to his propensity to commit lewd molestation and was part of the *res gestae* of the lewd molestation charge (Tr. 34). When S.B. testified during trial, defense counsel made no objection to her testimony (Tr. 136).

Susan Wyatt testified that Petitioner used drugs, primarily methamphetamine and "ice," and there was no objection to this testimony. Ms. Wyatt also testified defendant used a syringe to inject himself with the drugs, and the syringes he used had orange or clear caps. She further testified defendant wanted to have sex more often when he used drugs (Tr. 194-95).

The Oklahoma Court of Criminal Appeals (OCCA) denied this claim on direct appeal:

> Reviewing for plain error only, we find Wyatt has not shown that admission of evidence concerning his prior drug use was error. *See Postelle v. State*, 267 P.3d 114, 131 (Okla. Crim. App. 2011)*, cert. denied*, 568 U.S. 891 (2012) (appellate review is for plain error only where defendant fails to object to admission of evidence at trial). The evidence was offered for the proper purpose of showing that Wyatt had previously engaged in a pattern of behavior similar to that alleged by the victim. *See Anderson v. State*, 992 P.2d 409, 415 (Okla. Crim. App. 1999) (quoting *Gideon v. State*, 721 P.2d 1336, 1338) (Okla. Crim. App. 1986) (holding the "enumerated exceptions in Section

2404(B) . . . were not intended to be exclusive or exhaustive."). Furthermore, the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. *See Harmon v. State*, 248 P.3d 918, 937 (Okla. Crim. App. 2011) (quoting *Mitchell v. State*, 235 P.3d 640, 657) (Okla. Crim. App. 2010) ("When measuring the relevancy of evidence against its prejudicial effect, the court should give the evidence its maximum

reasonable probative force and its minimum reasonable prejudicial value."). This claim is denied. *See Hogan v. State*, 139 P.3d 907, 923 (Okla. Crim. App. 2006) ("[t]he first step in plain error analysis is to determine whether error occurred").

*Wyatt v. State*, No. F-2013-870, slip op. at 2-3 (Okla. Crim. App. Aug. 8, 2014) (Dkt. 9-3).[1]

As stated above, habeas corpus review of state claims regarding the admission of evidence is limited to the determination of whether the OCCA's resolution of the claim rendered a petitioner's trial so fundamentally unfair as to constitute a deprivation of constitutional rights. The OCCA's plain error review is equivalent to the federal due process test; *i.e.*, reversal is required only when error "so infused the trial with unfairness as to deny due process of law." *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005). Habeas review of claims of improperly admitted evidence of other crimes requires the petitioner to demonstrate the existence of a state-law evidentiary error that was so unduly prejudicial that it rendered the trial fundamentally unfair. *See Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (holding the petitioner was "entitled to relief only if an alleged state law error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." (internal quotations omitted)).

The Tenth Circuit Court of Appeals recognizes the *res gestae* exception to other-

---

[1] The Court has deleted parallel citations for quotations from the OCCA's orders.

crimes evidence. *See United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010) ("An uncharged act is admissible as *res gestae*--intrinsic evidence not subject to Federal Rule of Evidence 404(b)--if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." (internal quotation marks and citation omitted)). *See also United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) ("Evidence of other crimes should not be suppressed when those facts come in as *res gestae*--as part and parcel of the proof of the offense [] charged in the indictment." (internal quotation marks omitted)).

Oklahoma follows this reasoning. Generally, under Oklahoma law, evidence of a defendant's prior acts or other crimes is inadmissible to show he acted in conformity therewith on a particular occasion. The rule provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

Okla. Stat. tit. 12, § 2404(B).

In addition to the exceptions to the rule prohibiting the admission of other crimes evidence listed in Section 2404, the OCCA holds that evidence of the "things, events, and circumstances incidental to and surrounding a larger event that help explain it," or the *res gestae* of the crime, is admissible. *McElmurry v. State*, 60 P.3d 4, 21-22 (Okla. Crim. App. 2002).

S.B. testified she believed Petitioner used illegal drugs before he abused her, thereby

linking Petitioner's drug use to his abuse. Similarly, E.W. testified she believed Petitioner used illegal drugs, and he gave her what turned out to be methamphetamine before he abused her. Susan Wyatt testified that Petitioner's desire for sexual activity increased when he used drugs. The fact that Petitioner gave E.W. methamphetamine and marijuana formed the basis of the child abuse charges against him (O.R. 30-31). Therefore, drug use formed a part of the entire chain of events involving Petitioner and E.W., and involving Petitioner and S.B., as contemplated by *Ford*, *Kimball*, and *McElmurry*. It also showed Petitioner's plan and preparation in molesting young girls. *See* Okla. Stat. tit. 12, § 2404(B).

Because the evidence of Petitioner's drug use was relevant to and probative of the crimes with which he was charged, he cannot show the OCCA was incorrect in concluding this evidence was properly admitted. *See Holland v. Allbaugh*, 824 F.3d 1222, 1230 (10th Cir. 2016) (holding that challenged evidence was relevant to and probative of the crimes charged; therefore, the OCCA's decision that it was properly admitted and did not violate due process was not contrary to, or an unreasonable application of, federal law). Moreover, Petitioner fails to cite any Supreme Court authority in support of his claim that the admission of this evidence deprived him of a fundamentally fair trial. For these reasons, Petitioner's claim fails. *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1)."). *See also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented . . . it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law," therefore making habeas relief unauthorized pursuant to 28 U.S.C. §

2254(d)(1) (internal citations and quotations omitted)).  This claim for habeas relief must be denied.

**Mention of Petitioner's Prison Sentence (Ground II)**

Petitioner claims in Ground II that evidence he previously was incarcerated was improperly admitted during the guilt stage of his trial.  He complains that when questioning Jeanne Wyatt, Petitioner's daughter, on direct examination, the prosecutor asked her when she next saw Petitioner after he improperly had touched her.  Ms. Wyatt responded, "Well, he got out of prison so I mean my mom and him were back together."  (Tr. 120, 123).  Defense counsel moved for a mistrial, which the trial court denied (Tr. 126-27).  The trial court then admonished the jury to disregard Ms. Wyatt's testimony "regarding some type of alleged incarceration of the defendant" (Tr. 127).  Petitioner raised this issue on direct appeal, and the OCCA denied relief as follows:

> We also reject Wyatt's claim that he was prejudiced by the admission of testimony in the first stage of trial that he had previously served time in prison because the district court's admonishment cured any error.  "[T]his Court has repeatedly held that an admonishment cures the error from improper testimony or an improper comment at trial, unless the improper testimony or comment was such that it appears to have determined the result of the defendant's trial." *Parker v. State,* 216 P.3d 841, 849 Okla. Crim. App. 2009).  This claim is denied.

*Wyatt*, No. F-2013-870, slip op. at 3.

Jurors are presumed to follow their instructions.  *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000).  In light of the overwhelming evidence of guilt and the trial court's admonishment, the Court finds Petitioner's trial was not rendered so fundamentally unfair

by the mention of Petitioner's prior incarceration that he was denied due process of law. The Court further finds Petitioner has not shown the OCCA's determination of this claim was contrary to, or an unreasonable application of, established Supreme Court precedent. *Cf. Harmon v. Royal*, No. CIV-13-80-M, 2016 WL 6693561, at *12 (W.D. Okla. Nov. 14, 2016) (unpublished) (holding the OCCA's decision that the admonishment to the jury cured any error from improper testimony that the appellant may have robbed a store was not an unreasonable determination under Section 2254(d)). Habeas relief cannot be granted for this claim.

### Instruction on Lesser-Included Offense as to Count 1 (Ground IV)

In Ground IV of the petition, Petitioner alleges the trial court erred by failing to give an instruction on domestic assault and battery for Count 1. The OCCA denied relief on direct appeal, finding as follows:

> Reviewing for an abuse of discretion, we find that the district court properly refused to give an instruction on domestic assault and battery. *See Miller v. State*, 313 P.3d 934, 980 (Okla. Crim. App. 2013). Wyatt was not entitled to the instruction because his defense was complete innocence. *See Harney v. State*, 256 P.3d 1002, 1005 (Okla. Crim. App. 2011). This claim is denied.

*Wyatt*, No. F-2013-870, slip op. at 4.

> "As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting *Long v. Smith*, 663 F.2d 18, 23 (6th Cir. 1981), *cert. denied*, 525 U.S. 852 (1998)); *see also Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir.) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial

so fundamentally unfair as to cause a denial of a fair trial."), *cert. denied*, 514 U.S. 1115 (1995). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" *Maes*, 46 F.3d at 984 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)).

*Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. "Unless the constitution mandates a jury instruction be given, a habeas petitioner must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny the petitioner due process." *See Tiger v. Workman*, 445 F.3d 1265, 1267 (10th Cir. 2006) (citing *Middleton v. McNeill*, 541 U.S. 433, 437 (2004)).

The Tenth Circuit Court of Appeals also has held that a state court's failure to give a particular lesser-included instruction in a non-capital case never raises a constitutional question. *Lujan v. Tansay*, 2 F.3d 1031, 1036-37 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120 (1994). The *Lujan* Court reasoned:

> . . . [T]his circuit has agreed with a majority of those circuits addressing the issue and held that a petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser included offense instruction "even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense."

*Id*. at 1036 (citing *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988); *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990)). "Our precedents establish a rule of 'automatic nonreviewability' for claims based on a state court's failure, in a non-capital case, to give a

lesser included offense instruction." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988)).

Based on the above authority, the Court finds the OCCA's decision that no lesser-included offense instruction was warranted is not subject to habeas review. Further, the OCCA's decision was not inconsistent with Supreme Court law. This claim for habeas relief is meritless.

## Ground III:  Sufficiency of the Evidence

Petitioner alleges in Ground III that his conviction for Child Abuse (Count 3) was not supported by sufficient evidence. The Second Amended Information provided the following allegations regarding Count 3:

> **COUNT 3:  FELONY CHILD ABUSE, 21 O.S. § 843.5(A) ~** a felony, on or about the 8th day of May, 2012, by willfully engage [sic] in child abuse, to-wit:  by giving methamphetamine and marijuana to E.W., a minor, and threatening harm to the minor's health and safety, contrary to the form of the statutes made and provided, and against the peace and dignity of the State of Oklahoma.

(O.R. 31) (Dkt. 10-6 at 38).

Petitioner argues E.W. admitted she previously had used Xanax and marijuana; therefore, she knew the crystals Petitioner gave her were illegal substances. Petitioner thus claims he cannot be guilty of child abuse, but can only be guilty of the lesser-included offense of encouraging a minor to commit a drug-related crime. The OCCA denied relief on this claim in Petitioner's direct appeal:

> After reviewing the evidence in the light most favorable to the State, we find that any rational trier of fact could find beyond a reasonable doubt that

13

Wyatt committed the crime of Child Abuse based on the evidence presented in this case. *See Logsdon v. State*, 231 P.3d 1156, 1161 (Okla. Crim. App. 2010); *Spuehler v. State*, 709 P.2d 202, 203-204 (Okla. Crim. App. 1985). The victim's credibility was for the jury to determine. *See White v. State*, 900 P.2d 982, 986 (Okla. Crim. App. 1995) ("This Court will not reexamine the credibility of witness testimony, as it is within the jury's exclusive province."); *see also Coddington v. State*, 142 P.3d 427, 456 (Okla. Crim. App. 2006) ("This Court will accept all reasonable inferences and credibility choices that tend to support the jury's verdict."). This claim is denied.

*Wyatt*, No. F-2013-870, slip op. at 3-4.

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To

14

be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)). Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. *Lucero v. Kerby*, 133 F.3d 1299, 1312 (10th Cir.1998).

The OCCA applies the principles of *Jackson* when a defendant challenges the sufficiency of the evidence. *Spuehler*, 709 P.2d at 203-04, which was cited by the OCCA in Petitioner's direct appeal, relies on *Jackson* as the standard and authority for claims of sufficiency of the evidence.

To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). The applicable statute for Child Abuse provides the following four elements:

> First, a person responsible for a child's health, safety or welfare;
> Second, willfully;
> Third, harmed or threatened harm to the health, safety or welfare;
> Fourth, of a child under the age of eighteen.

Instruction No. 19; OUJI-CR (2d) 4-35 (O.R. 92; Dkt. 10-6).

Although unclear, Petitioner apparently is contending that because E.W. knew the two crystal pills he gave her were illegal substances, he did not willfully harm E.W.'s health,

safety, or welfare. The record shows E.W. testified that Petitioner gave her two crystal pills and told her they had similar effects as Xanax and would calm her nerves and help her headache. E.W. knew the pills were not Xanax, but did not know what they were. E.W. further testified that after swallowing the rock-like pills, she became "super hyped," and about 20 minutes later, she vomited repeatedly. The subsequent blood test at a hospital showed she had ingested methamphetamine. (Tr. 153-55).

The two methamphetamine pills given to 14-year-old E.W. by her father clearly were harmful to her health. Further, when she ingested them at Petitioner's insistence, he harmed her. There can be no dispute whether E.W.'s ingestion of methamphetamine was harmful to her health.

Based on the record and relying on *Spuehler*, 709 P.2d 202, 203-204, the OCCA held there was sufficient evidence presented to support the verdict. *Wyatt*, No. F-2013-870, slip op. at 3-4. Even when the presented facts support conflicting inferences, the Court must presume the jury resolved any conflicts in favor of the prosecution and must defer to that resolution. *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004). Petitioner bears the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Petitioner has failed to meet this burden. Thus, the OCCA's decision that Petitioner's conviction herein is supported by sufficient evidence is not contrary to, or an unreasonable application of, Supreme Court law, nor is it an unreasonable determination of the facts in light of the evidence presented at trial. This habeas claim fails.

## Ground V:  Prosecutorial Error

Petitioner alleges in Ground V that prosecutorial error in closing arguments deprived him of a fair trial.  He specifically claims (1) the prosecutor gave his personal opinion of the evidence; (2) the prosecutor elicited sympathy for E.W.; (3) the prosecutor told the jury that more charges could have been filed against Petitioner, but were not; and (4) the prosecutor implied charges could be filed against Susan Wyatt.  The OCCA found no merit in the claims:

> When the challenged actions of the prosecutor are read and viewed in context, considering the corresponding arguments of defense counsel and the strength of the evidence, there is nothing in any of the challenged actions, individually or cumulatively, that deprived Wyatt of a fair trial.  *See Harmon v. State*, 248 P.3d 918, 943 (Okla. Crim. App. 2011).  This claim is denied.

*Wyatt*, No. F-2013-870, slip op. at 4.

In *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974), the Supreme Court held the standard for establishing the appropriateness of a prosecutor's comments during trial is whether the prosecutor's remarks made the defendant's trial so fundamentally unfair as to deny him due process.  Statements made by a prosecutor will only be deemed reversible error on habeas review if they infected the trial such that it was rendered fundamentally unfair.  *Duckett v. Mullin*, 306 F.3d 982, 987 (10th Cir. 2002).  The Court should look to particular circumstances surrounding the trial, the strength of the case against the accused, and any prejudicial effect of the comments.  *Brecheen v. Reynolds*, 41 F.3d 1343, 1355 (10th Cir. 1994).  Unless Petitioner is able to establish that the particular comment violated a specific constitutional right, he will be required to prove his case under the aforementioned *Donnelly*

test. *Id.* Because no specific constitutional violation has been alleged regarding the so-called prosecutorial misconduct, the proper standard to review this issue demands that Petitioner prove the prosecutor's comments so infected the trial as to render it fundamentally unfair.

The Tenth Circuit holds that arguments based on the evidence are proper, and when a reasonable inference may be drawn from the evidence, the prosecutor may connect the evidence for the jury. *Duvall v. Reynolds*, 139 F.3d 768, 795 ("The prosecutor is allowed a reasonable amount of latitude in drawing inferences from the evidence during closing summation.") (quoting *United State v. Manriquez Arbizo*, 833 F.2d 244, 247 (10th Cir. 1987)). Further, "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 10 (1985).

The record shows that Petitioner made no objection at trial about the complained-of comments, therefore, the OCCA reviewed the claim of prosecutorial error for plain error only. *See Miller v. State*, 313 P.3d 934, 976 (Okla. Crim. App. 2013) ("Defense counsel did not object. Hence this Court reviews only for plain error."). When the OCCA adjudicates a claim pursuant to its plain error review, it has addressed any due process argument regarding that claim, because the OCCA's plain error test is the same one utilized by the Tenth Circuit in determining a due process violation. *Thornburg*, 422 F.3d at 1124.

### Opinion of the Evidence

Petitioner alleges the prosecutor gave her personal opinion of the evidence during

closing argument. The record shows defense counsel argued that E.W. "knew exactly what to say to make herself the victim," so she could continue to live with her mother, thereby allegedly manipulating the situation to remove her father from her life (Tr. 276-77). Defense counsel continued by asserting E.W. may not be "credible or believable beyond a reasonable doubt" (Tr. 278).

When the prosecutor made her second closing, she responded to that argument by pointing out to the jury that "E.W. was not in trouble," but "went to law enforcement" (Tr. 278). The prosecutor then said:

> . . . [M]aybe I didn't find [E.W.] quite as sophisticated as [defense counsel] has found her in all these things she knew exactly what to say, exactly what not to say, exactly what to do. I just don't find [E.W.] quite that sophisticated. You know, it takes a seasoned lawyer to know exactly what to say and exactly what not to say, not a 14 year old girl. . . .

(Tr. 278-79).

"A prosecutor may comment on and draw reasonable inferences from evidence presented at trial." *Thornburg*, 422 F.3d at 1131. The OCCA further holds that it is proper for a prosecutor to tell the jury what he or she believes the evidence showed. *See Williams v. State*, 188 P.3d 208, 228 (Okla. Crim. App. 2008) (where the prosecutor does not tell the jury to abandon its duty and conviction upon the prosecutor's opinion, the prosecutor can tell the jury what he thinks the evidence showed). It also is proper for the prosecution to respond to the defense theory or to the defense characterization of the State's case. *See Bland v. Sirmons*, 459 F.3d 999, 1025 (10th Cir. 2006) ("[I]t is permissible for the prosecution to comment on the veracity of a defendant's story."); *Taylor v. State*, 248 P.3d 362, 379 (Okla.

Crim. App. 2011) (holding prosecutor's statements in closing regarding victim's inconsistent identifications of defendant as the product of his "dire circumstances" were a proper response to the defense theory of mistaken identity). Here, the Court finds the comments at issue merely were the prosecutor's statement of what she believed the evidence showed and her response to the defense theory that E.W. was lying. Under *Thornburg* and *Bland*, the prosecutor's argument was proper and did not amount to prosecutorial error.

### Sympathy for E.W.

Petitioner next complains that the prosecutor elicited sympathy for E.W. by telling the jury that "it's time for somebody to stand up for this kid," and "[s]omebody has got to stand up for [E.W.]" (Tr. 278-79). These comments were made after defense counsel characterized E.W. as a manipulative liar who would do anything to remove Petitioner from her life (Tr. 276-78).

The prosecutor then recounted Petitioner's alleged actions with respect to E.W. and argued Petitioner's actions were criminal and that the jury should determine his guilt based upon the evidence of those actions presented to the jury (Tr. 282-84). The fact that this argument may have evoked sympathy for E.W., however, does not make it improper. *Cf. Hanson v. Sherrod*, 797 F.3d 810, 840 (10th Cir. 2015) (holding that where prosecutor's reference to the mental cruelty the petitioner had inflicted upon the victims was probative of the petitioner's continuing threat to society, the fact that the reference may have invoked sympathy for the victims was not error); *Cole v. Trammell*, 755 F.3d 1142, 1175 (10th Cir. 2014) (finding prosecutor's reference to the fact that the child victim was killed just days

before her first Christmas did not deprive the petitioner of his right to a fair trial).  This Court, therefore, finds no error in the OCCA's denial of this claim.

**Additional Charges against Petitioner**

Petitioner contends the prosecutor improperly told the jury the State could have filed more charges against him, but did not do so.  The prosecutor stated,

> . . . We have been very generous, the State, in only filing one count of lewd acts but I submit to you each and every thing that he did was a crime.  Every dirty, disgusting comment that he made to [E.W.] was a crime.  The way he rubbed her, the way he touched her, every instance that was a crime.  Each of those acts are crimes because it was for the defendant's lustful, sexual gratification of his own biological daughter.

(Tr. 279-80).

As clearly set forth in Jury Instruction No. 16, the actions Petitioner took against E.W. were all lewd acts with a child under sixteen (O.R. 88-89).  Touching E.W.'s body in a lewd or lascivious manner constituted a crime.  Also, making a lewd or indecent proposal to E.W. to have sexual relations with him and causing E.W. to look at him as he masturbated was a crime.  This Court, therefore, finds the prosecutor's argument that the State was generous in charging Petitioner as it did was a reasonable inference based upon the evidence presented pursuant to *Thornburg* and *Duvall*.  This claim is meritless.

**Implication of Charges against Susan Wyatt**

Petitioner claims the prosecutor improperly told the jury the State might file charges against Susan Wyatt.  During closing argument, defense counsel stated that Susan Wyatt testified against Petitioner because she had to "convince" DHS and law enforcement, as well

as other entities, that she believed E.W. and would protect E.W. from harm. According to

defense counsel, he would have advised Ms. Wyatt not to align herself with Petitioner and

to do whatever it took to protect herself and her children, in the eyes of DHS, law

enforcement, and the prosecutor's office (Tr. 271). The implication of this argument was that

Susan Wyatt was lying about Petitioner in order to protect herself from being charged with

a crime and to retain custody of E.W. The prosecutor then told the jury that Susan Wyatt was

not necessarily immune from prosecution because she testified.

It is proper for the prosecution to respond to the defense theory or to the defense

characterization of the State's case. *See Young*, 470 U.S. at 14-15 (stating that generally,

most Courts of Appeal refuse to reverse convictions where prosecutors make reasonable

responses to defense attacks). Here, the prosecutor properly responded to the defense theory

that Susan Wyatt was testifying to save herself from criminal prosecution. Therefore, the

prosecutor's argument did not constitute prosecutorial error.

After careful review, the Court finds the OCCA's determination of Petitioner's claims

regarding alleged prosecutorial error was not contrary to, or an unreasonable application of,

Supreme Court law, nor was it an unreasonable determination of the facts in light of the

evidence presented at trial. Ground V of the petition fails.

**Ground VI:  Cumulative Error**

Petitioner next alleges the accumulation of errors in his trial presented too many flaws

to have confidence he was afforded due process of law. On direct appeal, the OCCA found

no merit in this claim:

There are no errors, considered individually or cumulatively, that merit relief in this case. *Jones v. State*, 201 P.3d 869, 894 (Okla. Crim. App. 2009); *DeRosa v. State*, 89 P.3d 1124, 1127 (Okla. Crim. App. 2004). This claim is denied.

*Wyatt*, No. F-2013-870, slip op. at 4-5.

"[T]he Supreme Court has never recognized the concept of cumulative error" *Bush v. Carpenter*, __ F.3d __, 2019 WL 2416631, at *34, n. 16 (10th Cir. June 10, 2019). Nonetheless, "[c]umulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors." *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir.) (citing *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990) *cert. denied*, 522 U.S. 844 (1997)). *See also Castro v. Ward*, 138 F.3d 810, 832-33 (10th Cir.), *cert. denied*, 525 U.S. 971 (1998); *Le v. Mullin*, 311 F.3d 1002, 1023 (10th Cir. 2002), *cert. denied*, 540 U.S. 833 (2003) ("When reviewing a case for cumulative error, only actual errors are considered in determining whether the defendant's right to a fair trial was violated.").

Here, the OCCA and this Court found no errors in Grounds I-V, and, as shown below, Petitioner's claims in Grounds VII-XII are procedurally barred from federal habeas review. The Court, therefore, concludes Petitioner cannot establish there was cumulative error, or that the OCCA's decision was contrary to Supreme Court law. He, therefore, is not entitled to habeas relief on this claim.

## **Ground VII-XII**

Petitioner claims in Ground VII that his appellate counsel was ineffective in failing

to raise stronger grounds on direct appeal. In Grounds VIII, IX, X, XI, and XII, he alleges numerous instances of trial counsel's ineffectiveness. These claims were not raised on direct appeal. Instead, Petitioner first presented the claims in a post-conviction application (Dkt. 9-4), which was denied by the trial court (Dkt. 9-5). Petitioner failed to perfect an appeal of the denial, and the OCCA granted him an appeal out of time in Case No. PC-2016-698 (Dkt. 9-6). The OCCA, however, subsequently declined jurisdiction of the post-conviction appeal pursuant to Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008), because Petitioner failed to attach to the petition in error a certified copy of the district court's order denying post-conviction relief. No. PC-2016-984 (Dkt. 9-7).

Petitioner sought another post-conviction appeal out of time by filing another post-conviction application in the trial court (Dkt. 9-8). The application was denied, however, because Petition failed to show he was denied a post-conviction appeal through no fault of his own. *Id.* Petitioner appealed this denial to the OCCA, which affirmed the denial in Case No. PC-2017-252 (Dkt. 9-9).

Respondent asserts Petitioner's claims in Grounds VII-XII are unexhausted, and because Petitioner's claims were barred by the OCCA pursuant to an independent and adequate state ground, the claims are procedurally barred and must be denied.

> . . . In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

The OCCA denied relief for petitioner's failure to comply with Rule 5.2(C)(2), which provides that a party desiring to appeal from a denial of post-conviction relief must file a petition in error and supporting brief with a certified copy of the Order denying relief within 30 days from the date of the final order from the district court. Petitioner failed to attach a certified copy of the district court's order denying post-conviction relief to his petition in error.

The Tenth Circuit has held "the OCCA's declination of jurisdiction [pursuant to Rule 5.2(C)(2)] rested on a state law ground 'independent' of federal law." *Johnson v. Champion*, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002). Further, "the ground also is 'adequate.'" *Id.* (citing *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998); *Cotner v. Creek County Dist. Ct.*, 911 P.2d 1215, 1217 (Okla. Crim. App. 1996)). Therefore, the OCCA's reliance on its statutory procedural default rule in refusing to review Petitioner's post-conviction appeal is an independent and adequate state ground for its decision. Further, this Court finds petitioner

has not met the requirements of a showing of cause and prejudice.

The Court also finds Petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> . . . [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997) (internal quotations omitted). The Court finds Petitioner has not made a colorable showing of factual innocence. The claims asserted in Grounds VII-XII are procedurally barred.

## Certificate of Appealability

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 2nd day of July 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma